HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ONECIMO DURAN-MERCADO,<br><br>　　　　　　Defendant. | Case No. C07-5655RBL<br>　　　　　CR01-5558RBL(JET)-001<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C. §2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On November 14, 2001 the defendant was charged along with two co-defendants in a superseding indictment with conspiracy to distribute in excess of 50 grams of methamphetamine, and with distribution and possession with intent to distribute over 50 grams of methamphetamine. His two co-defendants were also charged with possession of a firearm in furtherance of a drug trafficking crime. On December 10, 2001 Duran's co-defendants entered guilty pleas to the conspiracy charge contained in the superseding indictment.

On December 26, 2001 this matter was referred to a magistrate judge for a settlement conference. Following the settlement conference, the parties jointly moved for a competency evaluation. The Court granted the motion and the defendant was transferred to the Metropolitan Detention Center in Los Angeles where Dr. Ilhe evaluated Duran. On April 29, 2002 the Court (Senior United States District Court Judge Jack

ORDER
Page - 1

E. Tanner) held a hearing and determined that the defendant was competent to stand trial. The defendant then entered a guilty plea to distribution of over 50 grams of methamphetamine later that day. On November 20, 2002 Judge Tanner sentenced Duran to 168 months imprisonment and imposed five years of supervised release.[1] Duran appealed and on January 8, 2004 the Ninth Circuit Court of Appeals vacated the sentence and remanded for re-sentencing. The Ninth Circuit remanded because the sentencing court had failed to inquire whether Duran had reviewed the Presentence Report.

After several continuances of the re-sentencing hearing, on November 29, 2004, Judge Tanner transferred this matter to this Court. This Court conducted an evidentiary hearing spread out over two days (March 3, 2005 and April 14, 2005) and ultimately reimposed the same 168 month sentence. Duran again appealed the sentence. The Ninth Circuit affirmed in a brief memorandum. Duran now brings this timely motion pursuant to 28 U.S.C. §2255.

Duran's motion is unclear. It can be read to raise the sole issue of ineffective assistance of counsel based on the failure of counsel at the first sentencing to show him the Presentence Report and the failure of counsel at the re-sentencing to argue for a 3-point reduction for acceptance of responsibility and failure to object to the 2-point enhancement for the possession of weapons by Duran's co-defendants. The motion can also be read to argue that counsel at the first sentencing was ineffective based on the failure to show him the Presentence Report and that the Court erred in not crediting Duran for 3-points for acceptance of responsibility and erred by imposing the 2-point enhancement for the possession of weapons by Duran's co-defendants. Under either reading of the motion, Duran's claims fail.

Counsel is ineffective if his "representation fell below an objective standard of reasonableness" *Strickland v. Washington,* 466 U.S. 668, 688 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a counseled plea of guilty, *Strickland's* second prong of "prejudice" is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

First, the argument that counsel was ineffective by failing to show Duran the Presentence Report is foreclosed by the record. If Duran is referring to the first sentencing, the failure of the sentencing court to ask

---

[1] Duran's two co-defendants were sentenced by the Honorable Robert J. Bryan to identical 168 month sentences.

ORDER
Page - 2

him if he read the presentence report resulted in a remand for re-sentencing to correct that error and for this Court to assure itself that Duran had, in fact, read the Presentence Report. At the re-sentencing the Court inquired:

> THE COURT: Now, Mr. Sharaga, have you had an opportunity to review the sum and substance of the presentence report with Mr. Duran-Mercado?
>
> MR. SHARAGA: Yes, I have, Your Honor.
>
> THE COURT: Have you been able to answer the questions that he has posed to you regarding its contents?
>
> MR. SHARAGA: Yes. It was a rather arduous task originally, but it was done through the services of various Spanish/English interpreters.
>
> THE COURT: Great.
>
> And, Mr. Duran-Mercado, do you have any - - do you understand the recommendations that are being made in the presentence report? I'm not asking you whether you agree with the recommendations, but do you understand what the recommendations from the presentence report are?
>
> THE DEFENDANT: Yes.

(March 3, 2005 Transcript, p. 5, lines 4-19) And, if Duran is referring to the re-sentencing, the colloquy cited above forecloses that claim as well.

If Duran is claiming that his counsel at the re-sentencing was ineffective in failing to argue for the 3-point reduction for acceptance and against the 2-point enhancement for the possession of weapons by his co-defendants, his claims fail. The record reflects that Duran pleaded guilty on the day set for trial. In order to receive the 3-point reduction for acceptance of responsibility (as opposed to the 2-point reduction Duran received), USSG §3E1.1(b) requires that the defendant "timely notif[y] the authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial . . . ." The record also reflects that the 2-point enhancement for the possession of weapons by his co-defendants under USSG §2D1.1(b)(1) was properly applied. Therefore, Duran's counsel's representation was reasonable.

If Duran is arguing that the Court erred by not awarding him 3-points for acceptance and increasing his offense level by 2-points for the possession of weapons by his co-defendants, those claims are barred. Because the defendant did not raise these issues before this Court nor on appeal, he has waived his right to

collaterally attack his non-constitutional challenges to his conviction. *See e.g., United States v. Schlesinger,* 49 F.3d 483 (9th Cir. 1995); *United States v. Donn,* 661 F.2d 820 (9th Cir. 1981). To the extent that his claims may be considered constitutional, his failure to raise them here or on appeal acts as a bar to these claims unless he can show both cause and prejudice. *Stone v. Powell,* 428 U.S. 465 (1976); *United States v. Frady,* 456 U.S. 152 (1982). Defendant has shown neither cause nor prejudice for his procedural default.

The defendant's claims of ineffective assistance fail and to the extent he challenges the Court's calculation of his sentencing guidelines range, those claims fail as procedurally barred. Defendant's motion pursuant to 28 U.S.C. §2255 is **DENIED**.

For the reasons stated herein, the Court declines to issue a certificate of appealability because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

**IT IS SO ORDERED.**

Dated this 4th day of March, 2008.

RONALD B. LEIGHTON
United States District Court Judge